UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM P. KELLY, JR., | |
| Plaintiff, | Docket No. 2:19-cv-869 |
| - against - | JURY TRIAL DEMANDED |
| OCEANSIDE FIRE DEPARTMENT CORP., | |
| Defendant. | |

## COMPLAINT

Plaintiff William P. Kelly, Jr. ("Kelly" or "Plaintiff") by and through his undersigned

counsel, as and for his Complaint against Defendant Oceanside Fire Department Corp.

("Oceanside FD" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of ten copyrighted photographs of the Oceanside

Fire Department, owned and registered by Kelly, a New York based photographer. Accordingly,

Kelly seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C.

§ 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Kelly is a photographer and has photographed items of local interest, including the Oceanside Fire Department, for over a decade with a place of business at 2393 Fish Avenue, Bellmore, New York 11710.

6.      Upon information and belief, Oceanside FD is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 65 Foxhurst Road, Oceanside, New York 11572. Upon information and belief Oceanside FD is registered with the New York Department of State Division of Corporations to do business in the State of New York.

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photographs**

7.      Over the course of many years Kelly captured numerous photographs of the Oceanside Fire Department (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8.      Kelly is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9.      The Photographs have been registered with the United States Copyright Office under several registrations, and have been assigned registration numbers VA 2-123-213, VA 2-123-367, VA 2-123-368, VA 2-123-622, and VA 2-123-624. See Exhibit B.

**B.      Defendant's Infringing Activities**

10.     In or around August, 2018, Oceanside FD published and offered for sale a book featuring text and images about the Oceanside FD (the "Book"). The Book prominently featured the Photographs. A true and correct copy of excerpts from the Book is attached hereto as Exhibit C.

11.     The cover of the Book states that all photos in the Book "have been published with permission." However, Oceanside FD did not license the Photographs from Plaintiff for the Book, nor did Oceanside FD have or even seek Plaintiff's permission or consent to publish the Photographs in the Book.

12.     Oceanside FD created 800 books for sale to the public.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Oceanside FD infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs in the Book. Oceanside FD is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of

Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and

Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

18.     Plaintiff incorporates by reference each and every allegation contained in

Paragraphs 1-17 above.

19.     Upon information and belief, Warner intentionally and knowingly removed

copyright management information identifying Plaintiff as the photographer of the Photograph.

20.     The conduct of Warner violates 17 U.S.C. § 1202(b).

21.     Upon information and belief, Warner's falsification, removal and/or alteration of

the aforementioned copyright management information was made without the knowledge or

consent of Plaintiff.

22.     Upon information and belief, the falsification, alteration and/or removal of said

copyright management information was made by Warner intentionally, knowingly and with the

intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the

Photograph. Warner also knew, or should have known, that such falsification, alteration and/or

removal of said copyright management information would induce, enable, facilitate, or conceal

their infringement of Plaintiff's copyright in the Photograph.

23.     As a result of the wrongful conduct of Warner as alleged herein, Plaintiff is

entitled to recover from Warner the damages, that he sustained and will sustain, and any gains,

profits and advantages obtained by Warner because of their violations of 17 U.S.C. § 1202,

including attorney's fees and costs.

24.     Alternatively, Plaintiff may elect to recover from Warner statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Oceanside FD be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Oceanside FD be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 505;

7.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 1203(b);

8.      That Plaintiff be awarded punitive damages for copyright infringement;

9.      That Plaintiff be awarded his attorney's fees and costs;

10.     That Plaintiff be awarded his costs;

11.     That Plaintiff be awarded pre-judgment interest; and

12.     Such other and further relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       February 13, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard P. Liebowitz
Richard P. Liebowitz, Esq.
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff William Kelly*